Philip McLeod, CASB NO. 101101
philip.mcleod@kyl.com
Cameron Stout, CASB NO. 117373
cameron.stout@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Anthony Paduano
(*Pro Hac Vice* Admission Pending)
ap@pwlawyers.com
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
Telephone: (212) 785-9100
Facsimile: (212) 785-9099

Attorneys for Plaintiff
A.G. EDWARDS & SONS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G. EDWARDS & SONS, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> SAMUEL SLAYDEN, DENISE GILSETH, CATHY MCJILTON, and KELLY STROMGREN, <br><br> Defendants. | Case No. <br><br> **PLAINTIFF A.G. EDWARDS & SONS, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION AND AN ORDER PERMITTING EXPEDITED DISCOVERY** <br><br> **Date:** <br> **Time:** <br> **Dept.** |

1. Plaintiff A.G. EDWARDS & SONS, INC. ("Edwards") respectfully moves this Court for a Temporary Restraining Order and a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

- 1 -   KYL_SF457027

**PLAINTIFF A.G. EDWARDS & SONS, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION AND AN ORDER PERMITTING EXPEDITED DISCOVERY**

2. Edwards has filed a Complaint in this action with the Court, which is incorporated herein by reference.

3. Edwards has the express right to seek temporary injunctive relief before a court of competent jurisdiction to maintain the status quo pending the outcome of arbitration before a full panel of duly-appointed arbitrators pursuant to Rule 13804 of the Code of Arbitration Procedure for Industry Disputes of the Financial Industry Regulatory Authority ("FINRA"), which was created in July 2007 through the consolidation of the National Association of Securities Dealers, Inc. (the "NASD") and the member regulation, enforcement and arbitration functions of the New York Stock Exchange. Contemporaneously herewith, Edwards is commencing an arbitration with FINRA against Defendants, in which Edwards seeks, *inter alia*, permanent injunctive relief against Defendants.

4. As stated in Edwards' Complaint, Defendants SAMUEL SLAYDEN ("Slayden"), DENISE GILSETH ("Gilseth"), CATHY MCJILTON ("McJilton") and KELLY STROMGREN ("Stromgren") (collectively "Defendants") have violated their express contractual obligations to Edwards as well as Edwards' company policies, have breached their duty of loyalty to Edwards for the benefit of their new employer, Stifel, Nicolaus & Company, Inc. ("Stifel"), by destroying Edwards' Santa Rosa office and taking confidential documents and information and have improperly solicited Edwards personnel and clients to join them at Stifel.

5. As stated in Edwards' Complaint, unless injunctive relief is issued, Edwards will be immediately and irreparably harmed by:

    (a) Disclosure of Edwards' trade secrets and confidential and proprietary information, including customer lists and business information;

    (b) Loss of confidentiality of customers' records and financial dealings, loss of customer confidence and trust, loss of goodwill, and loss of business reputation;

- 2 -

KYL_SF457027
PLAINTIFF A.G. EDWARDS & SONS, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION AND AN ORDER PERMITTING EXPEDITED DISCOVERY

    (c)    Loss of personnel, and damage to office morale and stability, and the undermining of office protocols and procedures; and

    (d)    Present economic loss, which is unascertainable at this time, and future economic loss, which is incalculable.

6.    Edwards has no adequate remedy at law.

7.    The threat of irreparable injury is imminent and ongoing. As is set forth in the accompanying Memorandum of Points and Authorities, courts considering circumstances similar to these have repeatedly held in favor of injunctive relief to protect the misappropriation of confidential client and trade secret information prior to an adjudication on the merits.

8.    Any delay in granting Edwards the injunctive relief requested would result in Edwards sustaining irreparable harm and the destruction of the status quo pending arbitration.

WHEREFORE, Edwards respectfully prays that this Court ORDER and DECREE that:

1.    Defendants be immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any director, officer, agent, employee and/or representative of Stifel, from doing any of the following until a duly appointed panel of FINRA arbitrators decides Edwards' claim for permanent injunctive relief:

    (a) soliciting or otherwise initiating any further contact or communication with any client of Edwards whom Defendants served or whose name became known to Defendants while in the employ of Edwards, including but not limited to communicating with such clients for the purpose of advising them of Defendants' new affiliation with Stifel or for the purpose of inviting, encouraging, or requesting the transfer of any accounts from Edwards;

    (b) (i) soliciting or assisting, directly or indirectly, the employment of any Edwards' employee or broker, (ii) hiring any Edwards employee or broker, (iii) inducing any Edwards employee or broker to leave the employ

- 3 -    KYL_SF457027

**PLAINTIFF A.G. EDWARDS & SONS, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION AND AN ORDER PERMITTING EXPEDITED DISCOVERY**

of Edwards, and (iv) taking any action to assist Stifel or any other entity employing Defendants from soliciting, inducing or hiring any employee or broker to leave Edwards; and

    (c) using, disclosing or transmitting for any purpose any confidential or proprietary information belonging to or concerning Edwards, its customers or employees, including but not limited to the (i) names, addresses, social security numbers, phone numbers, financial information, investment objectives and account information of Edwards' clients; (ii) the names, salaries, production and other business information regarding Edwards' brokers and employees; and (iii) other confidential information, trade secrets and commercially sensitive materials of Edwards.

    2.    Defendants, and all those acting in concert with them, including but limited to the directors, officers, employees and agents of Stifel, shall return to Edwards or its counsel all records, documents and/or information in whatever form (whether original, copied, computerized or handwritten), pertaining to Edwards' customers, employees and business, and purge all documents and information derived therefrom from the possession, custody and control of Defendants and Stifel within twenty-four hours of notice to Defendants or their counsel of the terms of this Order; provided, however, that any information so purged shall be first printed and returned to Edwards pursuant to this paragraph.

    3.    The order remain in full force and effect until further order of this Court.

    4.    The Parties be granted leave to commence expedited discovery immediately in aid of preliminary injunction proceedings before this Court.

    5.    The parties be directed to proceed with arbitration in accordance with Rule 13804 of the NASD Code of Arbitration Procedure for Industry Disputes.

    6.    Defendants be required to show cause why the temporary restraining order should not be converted into a preliminary injunction, at a hearing to be conducted on a date and time set by the Court.

| | |
|---|---|
| DATED: October 8, 2007 | KEESAL, YOUNG & LOGAN |
| | *[signature]* |
| | Philip McLeod<br>Cameron Stout<br>KEESAL, YOUNG & LOGAN |
| | Anthony Paduano (*Pro Hac Vice* Admission Pending)<br>PADUANO & WEINTRAUB LLP |
| | Attorneys for Plaintiff<br>A.G. EDWARDS & SONS, INC. |

- 5 -

KYL_SF457027

**PLAINTIFF A.G. EDWARDS & SONS, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION AND AN ORDER PERMITTING EXPEDITED DISCOVERY**