Philip McLeod, CASB NO. 101101
philip.mcleod@kyl.com
Cameron Stout, CASB NO. 117373
cameron.stout@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Anthony Paduano
(*Pro Hac Vice* Admission Pending)
ap@pwlawyers.com
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
Telephone: (212) 785-9100
Facsimile: (212) 785-9099

Attorneys for Plaintiff
A.G. EDWARDS & SONS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.G. EDWARDS & SONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL SLAYDEN, DENISE GILSETH, CATHY MCJILTON, and KELLY STROMGREN,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........ 1

II. STATEMENT OF FACTS ........ 2

III. ARGUMENT -- A.G. EDWARDS IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF ........ 2

A. EDWARDS IS ENTITLED TO SEEK RELIEF FROM THIS COURT .. 3

B. THE TRO AND PRELIMINARY INJUNCTION STANDARD ........ 4

C. EDWARDS HAS SATISFIED THE INJUNCTION STANDARD ........ 5

1. Edwards Is Likely To Prevail On The Merits And There Is A Possibility Of Irreparable Harm ........ 5

2. Serious Questions Are Raised And The Balance Of Hardships ........ 15

IV. CONCLUSION ........ 16

- i -

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

# TABLE OF AUTHORITIES

## Cases

ABBA Rubber Co. v. Sequist, 235 Cal. App. 3d 1, 18 (1991) .......... 10

American Express Financial Advisors v. Makarawicz, 122 F.3d 936, 940 (11th Cir. 1997) .......... 3

Bancroft-Whitney Co. v. Glen, 64 Cal.2d 327, 347-48, 49 Cal. Rptr. 825 (1966) .......... 6

Blumenthal and Fein v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049, 1051-52 (2d Cir. 1990) .......... 3

California Native Plant Society v. United States E.P.A., 2007 WL 2021796, at *13 (N.D. Cal. July 10, 2007) .......... 4

Courtesy Temp. Serv., Inc. v. Camacho, 222 Cal. App. 3d 1278, 1288 (1990) .......... 10

Data Systems Computer Centre, Inc. v. Tempesta, 171 A.D.2d 724, 724, 566 N.Y.S.2d 955, 956 (2d Dep't 1991) .......... 8

Diodes, Inc. v. Franzen, 260 Cal.App.2d 244, 67 Cal.Rptr. 19 (1968) .......... 5

Duane Jones v. Burke, 306 N.Y. 172, 187-89 (1954) .......... 9

Financial Advisors, Inc. v. Scott, 955 F. Supp. 688, 694 (N.D. Tex. 1996) .......... 3

Fowler v. Varian Associates, Inc., 196 Cal.App.3d 34, 41, 241 Cal.Rptr. 539 (1987) .......... 6

Frederick Chusid & Co. v. Marshall Leeman & Co., 326 F. Supp. 1043, 1060 (S.D.N.Y. 1971) .......... 9

Frederick Chusid & Co. v. Marshall Leeman & Co., 326 F. Supp. 1043, 1061 (S.D.N.Y. 1971) .......... 8

Friedman, Clark & Shapiro, Inc. v. Greenberg, Grant & Richards, Inc., 2001 WL 1136169 (Tex. App. Houston [14 Dist.] 2001) .......... 14

IBM v. Bajorek, 191 F.3d 1033 (9th Cir. 1999) .......... 6

Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 74, 53 Cal.Rptr.2d 741 (1996) .......... 5

Loral Corp. v. Moyes, 174 Cal.App.3d 268, 219 Cal.Rptr. 836 (1985) .......... 7

Matulli & Associates, Inc. v. Cloutier, 194 Cal.App.3d 1049, 1055, 240 Cal.Rptr. 211 (1987) .......... 8

McRoberts Protective Agency v. Landsdell Protective Agency, 61 A.D.2d 652, 654-55, 403 N.Y.S.2d 511, 513 (1st Dep't 1978) .......... 9

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1055 (4th Cir. 1985) .......... 14

- ii - KYL_SF457043

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Davis, 1998 WL 920328, *3-4 (N.D. Tex. Dec. 30, 1998) .......... 14

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dunn, 191 F. Supp. 2d 1346,1350 (M.D. Fla. 2002) .......... 4

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton, 844 F.2d 726, 727-28 (10th Cir. 1986) .......... 14

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kramer, 816 F. Supp. 1242, 1247 (N.D. Oh. 1992) .......... 13

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d 211, 215 (7th Cir. 1993) .......... 14

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stidham, 658 F.2d 1098, 1102-03 (5th Cir. 1981) .......... 14

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright, 1993 WL 13036199, *3-4 (N.D. Tex. July, 2 1993) .......... 14

Merrill Lynch, Pierce, Fenner Smith, Inc. v. Rodger, 75 F. Supp. 2d 375, 381-82 (M.D. Pa. 1999) .......... 12

Merrill Lynch, Pierce, Fenner, & Smith v. Stidham, 658 F.2d 1098, 1102, n.8 (5th Cir. 1981) .......... 11

Morgan Stanley DW Inc. v. Planck, 2007 WL 174148, at *1 (S.D. Fla. Jan. 19, 2007) .......... 4

Morlife, Inc. v. Perry, 56 Cal. App. 4th 1514, 1520 (1997) .......... 10

Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 812-13 (3d Cir. 1989) .......... 3

PMS Distributing Co., Inc., v. Huber & Suhner, A.G., 863 F.2d 639, 642 (9th Cir. 1988). 3

Robinson v. Jardine Ins. Brokers Int'l Ltd., 856 F. Supp. 554, 558 (N.D. Cal. 1994) .......... 8

Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998) .......... 4

Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 777 F. Supp. 1349, 1354 (N.D. Tex. 1991), *aff'd*, 948 F.2d 128 (5th Cir. 1991) .......... 14

Sigma Chemical Co. v. Harris, 586 F. Supp. 704 (D.C. Mo. 1984) .......... 13

Smith, Barney, Harris Upham & Co. v. Robinson, 12 F.3d 515, 517-18 (5th Cir. 1994) .......... 8

Stokes v. Dole Nut Co., 41 Cal.App.4th 285, 295, 48 Cal.Rptr.2d 673 (1995) .......... 5

Stuhlberg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839-40 (9th Cir. 2001) .......... 4

Systematic Business Services, Inc. v. Bratten, 162 S.W.3d 41, 51 (W.D. Mo. 2005) .......... 12

Teradyne, Inc. v. Mostek Corp. 797 F.2d 43 (1st Cir. 1986) .......... 3

- iii - KYL_SF457043

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

UBS PaineWebber, Inc. v. Aiken, 197 F. Supp. 2d 436, 441 (W.D.N.C. 2002) ................ 13

**Statutes**

Cal. Civ. Code § 3426.1 ........................................................................................ 9

California Business and Professions Code § 16600 ........................................................ 5

- iv - KYL_SF457043

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This Memorandum of Points and Authorities is respectfully submitted by Plaintiff A.G. EDWARDS & SONS, INC. ("Edwards" or the "Company") in support of its Motion for a Temporary Restraining Order and a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure against Defendants SAMUEL SLAYDEN ("Slayden"), DENISE GILSETH ("Gilseth"), CATHY MCJILTON ("McJilton"), and KELLY STROMGREN ("Stromgren") (collectively, "Defendants"). Edwards relies on the Affidavit of William Hatcher ("Hatcher Affidavit").

For the reasons stated herein, Edwards requires the immediate entry of provisional relief, pending rulings on the merits by an arbitration panel of duly-appointed arbitrators pursuant to Rule 13804 of the Code of Arbitration Procedure for Industry Disputes of the Financial Industry Regulatory Authority ("FINRA"), which was created in July 2007 through the consolidation of the National Association of Securities Dealers, Inc. (the "NASD") and the member regulation, enforcement and arbitration functions of the New York Stock Exchange, to halt the use of Edwards' confidential and proprietary client information and the solicitation by Defendants of Edwards' personnel and clients.

## I. PRELIMINARY STATEMENT

This application for injunctive relief arises from: (1) Slayden's improper solicitation of his co-employees of Edwards to terminate their employment with the Company and commence employment with rival Stifel, Nicolaus & Company, Inc. ("Stifel"); and (2) the misappropriation by Slayden and his co-defendants of Edwards' confidential and proprietary business and customer trade secret information to improperly solicit Edwards' clients. Defendants' conduct violates the express non-solicitation covenants that they entered into with the Company, as well as their statutory and common law duties.

Such wrongdoing threatens Edwards with irreparable harm in a variety of ways, including present and future economic loss, disclosure of proprietary and confidential

- 1 -

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

business and customer information, loss of goodwill and business reputation, and injury to office stability. For the reasons set forth below, Edwards' motion for a temporary restraining order and a preliminary injunction should be granted.

In sum, Edwards will be immediately and irreparably harmed by: (1) disclosure of Edwards' trade secrets and confidential and proprietary information, including customer lists and business information; (2) loss of confidentiality of customers' records and financial dealings, loss of customer confidence and trust, loss of goodwill, and loss of business reputation; (3) loss of personnel, damage to office morale and stability, and the undermining of office protocols and procedures; and (4) present economic loss, which is unascertainable at this time, and future economic loss, which is incalculable.

Edwards seeks only to maintain the *status quo* until such time as an arbitration panel convened by FINRA Dispute Resolution can issue a decision on the merits. Contemporaneously herewith, Edwards is commencing an arbitration with FINRA against Defendants, in which Edwards seeks, *inter alia*, permanent injunctive relief against Defendants.

## II. STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Hatcher Affidavit and will not be repeated at length herein. In short, Slayden, Gilseth, and McJilton abruptly resigned from Edwards' Santa Rosa, California office on September 20, 2007 and immediately commenced employment with Stifel. Stromgren resigned from the same Edwards office on October 1, 2007 and also immediately commenced employment with Stifel. Slayden was Edwards' branch office manager. He solicited his fellow employees to quit Edwards and join Stifel, in breach of his obligations. In addition, all four Defendants have solicited Edwards' customers to switch to Stifel, also in breach of Defendants' obligations, and to Edwards' great detriment.

## III. ARGUMENT -- A.G. EDWARDS IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF

- 2-

KYL_SF457043

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### A. EDWARDS IS ENTITLED TO SEEK RELIEF FROM THIS COURT

Edwards is expressly entitled to seek relief from this Court, even though the merits of the dispute between the parties ultimately will be resolved in arbitration.[1] Many federal circuit courts have held that a district court can grant injunctive relief in an arbitrable dispute pending arbitration, so long as the prerequisites for injunctive relief are satisfied. The Ninth Circuit has so held. *See*, *e.g.*, PMS Distributing Co., Inc., v. Huber & Suhner, A.G., 863 F.2d 639, 642 (9th Cir. 1988). Other federal courts are in accord. *See* American Express Financial Advisors v. Makarawicz, 122 F.3d 936, 940 (11th Cir. 1997); Blumenthal and Fein v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049, 1051-52 (2d Cir. 1990); Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 812-13 (3d Cir. 1989); and Teradyne, Inc. v. Mostek Corp. 797 F.2d 43 (1st Cir. 1986). *See also* American Express Financial Advisors, Inc. v. Scott, 955 F. Supp. 688, 694 (N.D. Tex. 1996); Morgan Stanley DW Inc. v. Planck, 2007 WL 174148, at *1 (S.D. Fla. Jan. 19, 2007); and Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dunn, 191 F. Supp. 2d 1346,1350 (M.D. Fla. 2002).

### B. THE TRO AND PRELIMINARY INJUNCTION STANDARD

In determining whether to issue a preliminary injunction, federal courts in California require the moving party to make a clear showing of either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party. These standards "are not separate tests but the outer reaches of a single continuum." Stuhlberg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839-40 (9th Cir. 2001); California Native Plant Society v. United States E.P.A., 2007 WL 2021796, at

---

[1] Rule 13804 of the NASD Code of Arbitration Procedure for Industry Disputes requires a party seeking interim injunctive relief to obtain such relief from a court of competent jurisdiction. A copy of such rule is annexed to the Declaration of Anthony Paduano ("Paduano Decl.") as Exhibit A.

- 3- KYL_SF457043

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

*13 (N.D. Cal. July 10, 2007). *Accord* Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998) ("These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.").

## C. EDWARDS HAS SATISFIED THE INJUNCTION STANDARD

### 1. Edwards Is Likely To Prevail On The Merits And There Is A Possibility Of Irreparable Harm

#### a. Solicitation Of Employees

Edwards is entitled to injunctive relief in connection with both categories of misconduct by Defendants – the improper solicitation of co-employees and the improper solicitation of Edwards' clients using the Company's confidential and proprietary business and customer trade secret information. Edwards is likely to prevail on the merits with respect to both categories, and there is a possibility of irreparable harm to Edwards if injunctive relief is not granted.

Under well-established California law, "[e]very employee owes his or her employer duties of undivided care and loyalty." Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 74, 53 Cal.Rptr.2d 741 (1996). *See also* Diodes, Inc. v. Franzen, 260 Cal.App.2d 244, 67 Cal.Rptr. 19 (1968) (defendants "unquestionably owed fiduciary duties to the plaintiff by reason of their positions as directors, officers and managing employees of the plaintiff."). As branch office manager for Edwards in Santa Rosa, Slayden owed the Company at least an undivided duty of loyalty, and he probably owed a fiduciary duty as well. The other defendants also owed at least undivided duties of loyalty.

The "duty of loyalty is breached, and may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer." Stokes v. Dole Nut Co., 41 Cal.App.4th 285, 295, 48 Cal.Rptr.2d 673 (1995). While employees may be entitled to make some preparations to compete, "California law does not authorize an employee to transfer his loyalty to a competitor.

During the term of employment, an employer is entitled to its employees' 'undivided loyalty.'" Fowler v. Varian Associates, Inc., 196 Cal.App.3d 34, 41, 241 Cal.Rptr. 539 (1987). In the Fowler case, the appellate court affirmed summary judgment for the employer, where the employee had breached his duty of loyalty by assisting a competitor. Likewise, in Bancroft-Whitney Co. v. Glen, 64 Cal.2d 327, 347-48, 49 Cal. Rptr. 825 (1966), the California Supreme Court determined that defendant breached his fiduciary duties to plaintiff (his employer), in part by engaging in conduct designed to obtain for plaintiff's competitor certain employees of plaintiff.

In the instant matter, Defendants have breached their duties of undivided loyalty and fiduciary duties to Edwards. The precise behavior at issue in Bancroft-Whitney was engaged in by Slayden, when he solicited his co-employees. The judicial result should be the same.

Moreover, California Business and Professions Code § 16600 does not change the calculus. Under relevant Ninth Circuit precedent the restrictive covenants applicable to Defendants are not void under Section 16600, because they are only partial restraints. In IBM v. Bajorek, 191 F.3d 1033 (9th Cir. 1999), the Ninth Circuit examined the validity of a covenant not compete. The subject employment contract had been entered into in California between IBM and an executive based in California, but it specified the application of New York law. The defendant executive argued that the choice of law provision should be rejected because it was contrary to a fundamental policy of California, as expressed in Section 16600. The Ninth Circuit rejected such an argument. It stated:

> [S]ection 16600 did not make all restrictions unenforceable. . . .[I]t only makes illegal those restraints which preclude one from engaging in a lawful profession, trade or business. . . . [T]he plaintiff [must] prove that the contract completely restrained him from pursuing his profession. *Id.* at 1040.

The Ninth Circuit then concluded that because the subject contract did not preclude defendant from engaging in a lawful profession, Section 16600 did not apply.

Because it did not apply, no fundamental policy of California was contravened, and thus the choice of law provision was entirely valid. The Ninth Circuit thus concluded that the district court was required to honor the choice of law the parties made in their contract. *Id.* at 1042.[2]

Other California precedent similarly holds that non-solicitation covenants are valid. An instructive case is Loral Corp. v. Moyes, 174 Cal.App.3d 268, 219 Cal.Rptr. 836 (1985). in Loral Corp., the court held that a non-interference agreement restraining a former officer from disrupting, damaging, impairing, or interfering with his former employer's business by raiding its employees did *not* violate Cal. Bus. & Prof. Code § 16600. The court stated:

> Defendant is restrained from disrupting, damaging, impairing or interfering with his former employer by raiding [its] employees under his termination agreement. This does not appear to be any more of a significant restraint on his engaging in his profession, trade or business than a restraint on solicitation of customers or on disclosure of confidential information. . . . This noninterference agreement has no overall negative impact on trade or business. We hold that this contract, as construed, is not void on its face under Business and Professions Code section 16600. 174 Cal.App.3d at 280.

Other California cases are in accord. *See*, *e.g.*, Matulli & Associates, Inc. v. Cloutier, 194 Cal.App.3d 1049, 1055, 240 Cal.Rptr. 211 (1987) ("We cannot say as a matter of law, therefore, that the anti-solicitation covenant was invalid or unenforceable."); Robinson v. Jardine Ins. Brokers Int'l Ltd., 856 F. Supp. 554, 558 (N.D. Cal. 1994) ("[A]n employer may under certain circumstances contractually prohibit an employee from soliciting its clients or raiding its workforce for a limited period of time

---

[2] The holding in Bajorek was disapproved in a 2006 decision by the California Court of Appeal, Second District, but that decision is currently on review by the California Supreme Court. *See* Edwards v. Arthur Andersen, LLP, 147 P.3d 1013, 52 Cal. Rptr.3d 86 (2006). In any event, the non-solicitation provisions at issue in the instant matter would not be controlled by a decision disapproving of Bajorek, a case which specifically concerned covenants not to compete.

- 6- KYL_SF457043

**PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

following termination of employment.")

California decisions are in accord with those from other jurisdictions. Courts across the country routinely issue injunctions specifically enforcing covenants not to solicit former co-workers. *See*, *e.g.*, Data Systems Computer Centre, Inc. v. Tempesta, 171 A.D.2d 724, 724, 566 N.Y.S.2d 955, 956 (2d Dep't 1991); Smith, Barney, Harris Upham & Co. v. Robinson, 12 F.3d 515, 517-18 (5th Cir. 1994). *See also* Frederick Chusid & Co. v. Marshall Leeman & Co., 326 F. Supp. 1043, 1061 (S.D.N.Y. 1971) (even absent an agreement not to solicit co-workers, the court issued an injunction where defendants breached their duty of loyalty by soliciting co-workers to work for a competitor).

Solicitation of a firm's employees by a fellow employee prior to moving to the new employer, as occurred here, has repeatedly been held to constitute "dishonest or unfair" means. *See*, *e.g.*, McRoberts Protective Agency v. Landsdell Protective Agency, 61 A.D.2d 652, 654-55, 403 N.Y.S.2d 511, 513 (1st Dep't 1978) (citing wrongful solicitation by former employees as part of a pattern of unfair competition); Duane Jones v. Burke, 306 N.Y. 172, 187-89 (1954) (awarding damages against former employees for, *inter alia*, wrongful solicitation). Solicitation of a firm's employees by a former employee after switching firms has also been held to constitute "dishonest or unfair" means, when information gained during employment has been used by the former employee in recruiting former co-workers. Frederick Chusid & Co. v. Marshall Leeman & Co., 326 F. Supp. 1043, 1060 (S.D.N.Y. 1971) (hiring employees was improper "because defendants made use of information as to them obtained while [the defendants] were employed by [the former employer]").

**b. Solicitation of Clients**

Edwards also is likely to prevail on the merits with respect to Defendants' solicitation of its clients. California has adopted the Uniform Trade Secrets Act ("UTSA") (California Civil Code sections 3426, *et. seq*.), expressly recognizing that "the

- 7- KYL_SF457043

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

right of free competition does not include the right to use confidential work product of others." Morlife, Inc. v. Perry, 56 Cal. App. 4th 1514, 1520 (1997). In determining whether information that a party seeks to protect qualified as a trade secret, courts examine: (1) whether the information is valuable because it is unknown to others; and (2) whether the owner has attempted to keep the information secret. *See* ABBA Rubber Co. v. Sequist, 235 Cal. App. 3d 1, 18 (1991). Here, the information Edwards seeks to protect satisfies both requirements. First, the information that Defendants currently have is highly-sensitive information pertaining to Edwards' customer accounts. The inherent value of this information, individually and collectively, stems from the fact that it gives Edwards a competitive advantage in the marketplace and represents years of development, industry experience, and analysis. Once this information is shared with any other entity – and, in particular, a competitor such as Stifel – the information loses its worth because the competitive advantage that it provides is lost.

Second, Edwards has gone to – and will continue to go to – great lengths to maintain the secrecy of its proprietary business and broker information. The California Court of Appeal has recognized that "[r]easonable efforts to maintain secrecy have been held to include advising employees of the existence of a trade secret, limiting access to a trade secret on [a] 'need to know basis,' and controlling plant access." Courtesy Temp. Serv., Inc. v. Camacho, 222 Cal. App. 3d 1278, 1288 (1990). Here, Edwards' confidential information is not publicly disseminated. Rather, only certain officers, directors, and upper-level managers are authorized to access such information. Moreover, Edwards requires employees – such as Defendants herein– to sign contracts which contain provisions expressly obligating them not to divulge Edwards' proprietary information, whether during or after employment. These precautionary measures conclusively demonstrate that Edwards has taken significant steps to maintain the security and secrecy of its proprietary business and broker information, meeting the second part of the trade secret test. Taken together, because Edwards' confidential and proprietary

- 8- KYL_SF457043

**PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

business and customer information derives its value as a result of its secrecy, such information that Defendants obtained constitutes protectable trade secrets under California law.

The foregoing trade secret information was misappropriated by Defendants. California Civil Code section 3426.1 (which codifies the UTSA) defines misappropriation, among other things, as (1) acquisition of a trade secret by a defendant who knows or should know the trade secret was acquired improperly, or (2) unauthorized disclosure or use of another's trade secret with knowledge that the information was acquired under circumstances which gave rise to a duty to maintain its secrecy or limit its use. Cal. Civ. Code § 3426.1. Defendants' conduct falls squarely within these parameters, as set forth in the accompanying Hatcher Affidavit. Edwards is therefore entitled to a temporary restraining order and preliminary injunction to protect its trade secrets and prevent Defendants' further use and exploitation of such information.

Finally, Edwards will suffer irreparable injury if its request for injunctive relief is not granted. It is extremely difficult to quantify the future economic losses that Edwards will suffer due to the loss of clients, talented agents, and employees to a competitor such as Stifel. *See* Merrill Lynch, Pierce, Fenner, & Smith v. Stidham, 658 F.2d 1098, 1102, n.8 (5th Cir. 1981) ("The injury here is such that damages could not adequately compensate. Were defendants permitted by the law to exploit the clientele of their former employers, every investment that reasonably flowed from the exploitation should be included in the damages award. How such a figure could be arrived escapes us"). Similarly, in the instant matter, it is not clear how many accounts these agents would obtain in the future, or how many of their current contracts they would increase during their time of employment. Likewise, it is not clear how long these agents and employees would have continued their employment with Edwards had they not been recruited by former Edwards employees who were violating their contracts.

A second aspect of irreparable harm and inadequacy of a legal remedy is

- 9- KYL_SF457043

**PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

the loss of client confidence that will occur absent an injunction. The loss of confidence will occur because these clients will have their reasonable expectation of privacy destroyed. Edwards' clients expect their financial information to be kept confidential. If Defendants' conduct continues unrestrained, the clients' trust and confidence in Edwards will be permanently impaired in a way that cannot be quantified.

Numerous courts have relied upon the preceding factor to find irreparable harm justifying an injunction. *See*, *e.g.*, Systematic Business Services, Inc. v. Bratten, 162 S.W.3d 41, 51 (W.D. Mo. 2005) ("The former employer need not show actual damages to enforce the covenant if the covenant is lawful and the opportunity to influence employer's customers exists."); Merrill Lynch, Pierce, Fenner Smith, Inc. v. Rodger, 75 F. Supp. 2d 375, 381-82 (M.D. Pa. 1999) (the court found irreparable harm because "customers will lose trust and confidence in [Merrill Lynch] if they discover that ex-employees have divulged to others private financial information like account value, market transactions and investment assets."); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kramer, 816 F. Supp. 1242, 1247 (N.D. Oh. 1992) ("[i]rreparable and immeasurable harm lies in the fact that Merrill Lynch clients, when they discover that their financial information, market transactions, and investment assets which they presumed were held in confidence have been disclosed, will lose trust and confidence in Merrill Lynch."); Sigma Chemical Co. v. Harris, 586 F. Supp. 704 (D.C. Mo. 1984) ("the equities do not favor defendant due to the evidence that defendant's breach of the restrictive covenant was willful").

A third aspect of irreparable harm is that office morale will be jeopardized if Defendants are permitted to freely violate the express terms of their contracts and thereby undercut the tremendous goodwill that Edwards' other professionals have worked so hard to establish over the years. *See* UBS PaineWebber, Inc. v. Aiken, 197 F. Supp. 2d 436, 441 (W.D.N.C. 2002) ("When the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the

- 10- KYL_SF457043

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

irreparable injury prong is satisfied").

Not surprisingly, then, courts across the country have granted injunctive relief in circumstances similar to those presented here. *See*, *e.g.*, Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 777 F. Supp. 1349, 1354 (N.D. Tex. 1991), *aff'd*, 948 F.2d 128 (5th Cir. 1991); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stidham, 658 F.2d 1098, 1102-03 (5th Cir. 1981); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Davis, 1998 WL 920328, *3-4 (N.D. Tex. Dec. 30, 1998); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright, 1993 WL 13036199, *3-4 (N.D. Tex. July, 2 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano, 999 F.2d 211, 215 (7th Cir. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton, 844 F.2d 726, 727-28 (10th Cir. 1986); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1055 (4th Cir. 1985); Friedman, Clark & Shapiro, Inc. v. Greenberg, Grant & Richards, Inc., 2001 WL 1136169 (Tex. App. Houston [14 Dist.] 2001).[3] In view of the consistency with which courts have enforced restrictive covenants similar to those at issue, Edwards' right to such relief cannot be seriously disputed.

**2. Serious Questions Are Raised And The Balance Of Hardships Tips Strongly In Favor Of Edwards**

Edwards also satisfies the alternative test on the continuum for granting injunctive relief – serious questions are raised, and the balance of hardships tips strongly in its favor. Edwards seeks only a return to the *status quo,* pending a final decision on the merits by a FINRA arbitration panel. The benefit of such injunctive relief to Edwards will vastly outweigh any minimal detriment to Defendants. On the one hand, an injunction would protect Edwards' investment in its employees, its contract rights, and by extension its investment in those clients serviced by its employees. An

[3] Edwards submits concurrently with its memorandum of points and authorities an Appendix of unpublished court decisions in which employers have obtained injunctive relief similar to that which Edwards seeks herein.

- 11- KYL_SF457043

PLAINTIFF A.G. EDWARDS & SONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

injunction would further promote the public interest in the enforcement of employees' reasonable agreements and the protection of the investment made by businesses in the development of their business. An injunction would also serve to discourage Edwards' former employees and competitors from inducing Edwards' employees to breach their contracts, their fiduciary duties and their duties of loyalty. As shown above, numerous courts have regularly issued injunctions to protect financial services firms from the effects of disloyal employees, and courts have routinely prohibited employees from soliciting their former co-workers.

On the other hand, enjoining Defendants from continuing to breach their contractual obligations cannot be said to impose a hardship. The covenants do not prevent Defendants from working in their chosen field or from competing with Edwards. Edwards seeks merely to enjoin Defendants' pirating of its two most precious business assets -- namely, its clients and employees. All that is sought by the Company is an injunction preventing Defendants from using information they acquired as Edwards' employees. Defendants will suffer no adverse financial consequences if they are enjoined from soliciting their former co-workers and otherwise have the contracts they signed with Edwards enforced against them. As stated in Ruscitto, *supra*, the Defendants will be permitted to pursue their current profession in their chosen locale, and, although the restrictions against them may be meaningful, "the harm they exact does not outweigh what [Edwards] will incur in terms of lost customer goodwill, trade secrets, and lost business." 777 F. Supp. at 1354.[4]

As with Defendants' solicitation of Edwards' employees, it cannot be said that preventing them from using Edwards' confidential client information to solicit Edwards'

---

[4] As the court stated in Merrill Lynch, Pierce, Fenner & Smith v. Ran, 67 F. Supp. 2d 764, 780 (E.D. Mich. 1999): "[i]n considering the hardships to all involved . . . those suffered by defendants are the least deserving of the court's consideration as their travails were needlessly self-imposed, unlike the burdens on . . . Merrill Lynch, which were not chosen, but rather were inflicted by defendants' contractual breaches." While that case involved only customer solicitation, the same analysis applies here.

clients subjects them to undue hardship. Edwards' employees and customers are the essence of its business. The loss to Edwards greatly outweighs any potential harm to Defendants.

## IV. CONCLUSION

For the reasons stated above, Edwards respectfully requests that its application for a TRO and Preliminary Injunction be granted.

DATED: October 9, 2007                    KEESAL, YOUNG & LOGAN

                                                    /s/
Philip McLeod
Cameron Stout
KEESAL, YOUNG & LOGAN

Anthony Paduano (*Pro Hac Vice* Admission Pending)
PADUANO & WEINTRAUB LLP

Attorneys for Plaintiff
A.G. EDWARDS & SONS, INC.