MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
ERIC J. GLASSMAN (SBN 160543)
STEPHEN LAU (SBN 221051)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: (916) 553-4000
Facsimile: (916) 553-4011

Attorneys for Defendants
SAMUEL SLAYDEN, DENISE GILSETH,
CATHY MCJILTON, AND KELLY STROMGREN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G. EDWARDS & SONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL SLAYDEN, DENISE GILSETH, CATHY MCJILTON, and KELLY STROMGREN,<br><br>Defendants. | CASE NO: 07-CV-05154 WHA<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>Complaint Filed: October 9, 2007<br>Assigned to: Hon. William H. Alsup |

Defendants Samuel Slayden, Denise Gilseth, Cathy McJilton, and Kelly Stromgren ("Defendants") respond to plaintiff A.G. Edwards & Sons, Inc.'s Complaint for Injunctive Relief ("Complaint"), filed on October 9, 2007, as follows:

1. In answer to Paragraph 1 of the Complaint, Defendants assert that the Complaint speaks for itself.

2. In answer to Paragraph 2 of the Complaint, Defendants admit the second and third sentences regarding the basic facts of Defendants' employment and resignation, without admitting the characterization of their departure as "abrupt." As to the fourth sentence, Defendants admit only that Jamie Van Heusen and Christian Amador resigned from A.G. Edwards & Sons, Inc. ("A.G. Edwards") on September 20, 2007 and September 25, 2007, respectively, and joined Defendants at Stifel, Nicolaus & Company, Inc. ("Stifel"). As to the

fifth sentence, Defendants admit only that Stifel opened an office in the same building as A.G. Edwards' Santa Rosa office. As to all other allegations in the paragraph, Defendants deny each and every allegation.

3. In answer to Paragraph 3 of the Complaint, Defendants assert that Paragraph 3 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

4. In answer to Paragraph 4 of the Complaint, Defendants assert that Paragraph 4 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

5. In answer to Paragraph 5 of the Complaint, Defendants admit the allegations set forth therein.

6. In answer to Paragraph 6 of the Complaint, Defendants admit the allegations set forth therein.

7. In answer to Paragraph 7 of the Complaint, Defendants admit the allegations set forth therein.

8. In answer to Paragraph 8 of the Complaint, Defendants admit the allegations set forth therein.

9. In answer to Paragraph 9 of the Complaint, Defendants admit the allegations set forth therein.

10. In answer to Paragraph 10 of the Complaint, Defendants admit the allegations set forth therein.

11. In answer to Paragraph 11 of the Complaint, Defendants admit the allegations set forth therein.

12. In answer to Paragraph 12 of the Complaint, Defendants admit that they each executed a Form U-4 Uniform Application for Securities Industry Registration or Transfer. As to the remainder of the paragraph, Defendants assert that the documents speak for themselves.

13. In answer to Paragraph 13 of the Complaint, Defendants admit the allegations set forth therein.

14. In answer to Paragraph 14 of the Complaint, Defendants admit the first sentence. As to the second sentence, Defendants lack information or belief sufficient to admit or deny the allegations in said sentence, and on that basis deny them.

15. In answer to Paragraph 15 of the Complaint, Defendants admit the allegations as to the dates in connection with Mr. Slayden's employment and resignation, but deny the characterization that Mr. Slayden "abruptly resigned without prior notice."

16. In answer to Paragraph 16 of the Complaint, Defendants deny the allegations in the final sentence but admit the remainder of the paragraph.

17. In answer to Paragraph 17 of the Complaint, Defendants admit the allegations set forth in the first sentence. As to the remainder of the paragraph, Defendants deny each and every allegation contained therein.

18. In answer to Paragraph 18 of the Complaint, Defendants admit the allegations set forth therein.

19. In answer to Paragraph 19 of the Complaint, Defendants assert that the document speaks for itself.

20. In answer to Paragraph 20 of the Complaint, Defendants assert that the document speaks for itself.

21. In answer to Paragraph 21 of the Complaint, Defendants assert that the document speaks for itself.

22. In answer to Paragraph 22 of the Complaint, Defendants admit the allegations set forth therein.

23. In answer to Paragraph 23 of the Complaint, Defendants assert that the document speaks for itself.

24. In answer to Paragraph 24 of the Complaint, Defendants assert that the document speaks for itself.

25. In answer to Paragraph 25 of the Complaint, Defendants assert that the document speaks for itself.

///

1  |  26. In answer to Paragraph 26 of the Complaint, Defendants admit the
2  |  allegations set forth therein.
3  |  27. In answer to Paragraph 27 of the Complaint, Defendants assert that the
4  |  document speaks for itself.
5  |  28. In answer to Paragraph 28 of the Complaint, Defendants assert that the
6  |  document speaks for itself.
7  |  29. In answer to Paragraph 29 of the Complaint, Defendants assert that the
8  |  document speaks for itself.
9  |  30. In answer to Paragraph 30 of the Complaint, Defendants admit the
10 |  allegations set forth therein.
11 |  31. In answer to Paragraph 31 of the Complaint, Defendants assert that the
12 |  document speaks for itself. Defendants deny that Defendant Stromgren is bound by the language
13 |  quoted by plaintiff due to other provisions of that agreement.
14 |  32. In answer to Paragraph 32 of the Complaint, Defendants admit the
15 |  allegations set forth therein.
16 |  33. In answer to Paragraph 33 of the Complaint, Defendants assert that the
17 |  document speaks for itself.
18 |  34. In answer to Paragraph 34 of the Complaint, Defendants deny the
19 |  allegations set forth in the first sentence. As to the remainder of the paragraph, Defendants assert
20 |  that the document speaks for itself.
21 |  35. In answer to Paragraph 35 of the Complaint, Defendants assert that the
22 |  document speaks for itself.
23 |  36. In answer to Paragraph 36 of the Complaint, Defendants assert that the
24 |  document speaks for itself.
25 |  37. In answer to Paragraph 37 of the Complaint, Defendants admit the
26 |  allegations set forth therein.
27 |  38. In answer to Paragraph 38 of the Complaint, Defendants assert that the
28 |  document speaks for itself.

39. In answer to Paragraph 39 of the Complaint, Defendants assert that the document speaks for itself.

40. In answer to Paragraph 40 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis deny them.

41. In answer to Paragraph 41 of the Complaint, Defendants deny each and every allegation set forth therein.

42. In answer to Paragraph 42 of the Complaint, Defendants admit the allegations set forth therein, except that Defendants deny (1) the allegations that Jamie Van Heusen and Christian Amador terminated their employment with A.G. Edwards "at the behest of Slayden," and (2) the allegations that Defendant Slayden "orchestrated" or directed the departure of any A.G. Edwards employee in an effort to "raid" the A.G. Edwards office.

43. In answer to Paragraph 43 of the Complaint, Defendants admit the allegations that they had access to customer information, but deny that all such information is confidential and/or proprietary to A.G. Edwards.

44. In answer to Paragraph 44 of the Complaint, Defendants admit the allegations in the first sentence. As to the last two sentences, Defendants lack information or belief sufficient to admit or deny the remaining allegations in said paragraph, and on that basis deny them.

45. In answer to Paragraph 45 of the Complaint, Defendants, as to the first sentence, deny each and every allegation. As to the last two sentences, Defendants lack information or belief sufficient to admit or deny the allegations therein, and on that basis deny them.

46. In answer to Paragraph 46 of the Complaint, Defendants, as to the first and second sentences, lack information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis deny them. Defendants deny each and every allegation in the final sentence.

///

47. In answer to Paragraph 47 of the Complaint, Defendants deny the allegations set forth in the first, second, third, and fourth sentences. As to the fifth, sixth, seventh, and eighth sentences, Defendants lack information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis deny them. As to the ninth sentence, Defendants admit the allegation set forth in that sentence only.

48. In answer to Paragraph 48 of the Complaint, Defendants deny each and every such allegation.

49. In answer to Paragraph 49 of the Complaint, Defendants deny each and every such allegation.

50. In answer to Paragraph 50 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations as to the number of Automated Customer Account Transfers received by plaintiff, and on that basis deny them. As to the remainder of the paragraph, Defendants deny each and every allegation contained therein.

51. In answer to Paragraph 51 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis deny them.

52. In answer to Paragraph 52 of the Complaint, Defendants deny the allegations set forth in the first, second, fourth, and fifth sentences. Defendants lack information or belief sufficient to admit or deny the allegations contained in the third sentence.

53. In answer to Paragraph 53 of the Complaint, Defendants assert that Paragraph 53 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

54. In answer to Paragraph 54 of the Complaint, Defendants assert that Paragraph 54 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

55. In answer to Paragraph 55 of the Complaint, Defendants assert that Paragraph 55 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

56. In answer to Paragraph 56 of the Complaint, Defendants assert that Paragraph 56 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

**FIRST CAUSE OF ACTION**

57. In answer to Paragraph 57 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 56, inclusive, of the Complaint.

58. In answer to Paragraph 58 of the Complaint, Defendants assert that Paragraph 58 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

59. In answer to Paragraph 59 of the Complaint, Defendants assert that Paragraph 59 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

60. In answer to Paragraph 60 of the Complaint, Defendants assert that Paragraph 60 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

**SECOND CAUSE OF ACTION**

61. In answer to Paragraph 61 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 60, inclusive, of the Complaint.

62. In answer to Paragraph 62 of the Complaint, Defendants deny each and every allegation contained in the first and last sentences. As to the remainder of the paragraph, Defendants lack information or belief sufficient to admit or deny the allegations in said paragraph, and on that basis deny them.

63. In answer to Paragraph 63 of the Complaint, Defendants assert that Paragraph 63 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

///

64. In answer to Paragraph 64 of the Complaint, Defendants assert that Paragraph 64 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

### THIRD CAUSE OF ACTION

65. In answer to Paragraph 65 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 64, inclusive, of the Complaint.

66. In answer to Paragraph 66 of the Complaint, Defendants assert that Paragraph 66 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

67. In answer to Paragraph 67 of the Complaint, Defendants assert that Paragraph 67 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

68. In answer to Paragraph 68 of the Complaint, Defendants assert that Paragraph 68 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

69. In answer to Paragraph 69 of the Complaint, Defendants assert that Paragraph 69 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

### FOURTH CAUSE OF ACTION

70. In answer to Paragraph 70 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 69, inclusive, of the Complaint.

71. In answer to Paragraph 71 of the Complaint, Defendants assert that Paragraph 71 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

/ / /

/ / /

72. In answer to Paragraph 72 of the Complaint, Defendants assert that Paragraph 72 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

73. In answer to Paragraph 73 of the Complaint, Defendants assert that Paragraph 73 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

74. In answer to Paragraph 74 of the Complaint, Defendants assert that Paragraph 74 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

**FIFTH CAUSE OF ACTION**

75. In answer to Paragraph 75 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 74, inclusive, of the Complaint.

76. In answer to Paragraph 76 of the Complaint, Defendants assert that Paragraph 76 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation. Defendants further assert that any document referenced in that paragraph speaks for itself.

77. In answer to Paragraph 77 of the Complaint, Defendants assert that Paragraph 77 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

78. In answer to Paragraph 78 of the Complaint, Defendants assert that Paragraph 78 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation. Furthermore, Defendants deny that they have taken any confidential, proprietary, or trade secret information belonging to A.G. Edwards.

79. In answer to Paragraph 79 of the Complaint, Defendants assert that Paragraph 79 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

80. In answer to Paragraph 80 of the Complaint, Defendants assert that Paragraph 80 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

81. In answer to Paragraph 81 of the Complaint, Defendants assert that Paragraph 81 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

82. In answer to Paragraph 82 of the Complaint, Defendants assert that Paragraph 82 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

### SIXTH CAUSE OF ACTION

83. In answer to Paragraph 83 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 82, inclusive, of the Complaint.

84. In answer to Paragraph 84 of the Complaint, Defendants assert that Paragraph 84 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

85. In answer to Paragraph 85 of the Complaint, Defendants assert that Paragraph 85 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

86. In answer to Paragraph 86 of the Complaint, Defendants assert that Paragraph 86 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

87. In answer to Paragraph 87 of the Complaint, Defendants assert that Paragraph 87 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

88. In answer to Paragraph 88 of the Complaint, Defendants assert that Paragraph 88 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

89. In answer to Paragraph 89 of the Complaint, Defendants assert that Paragraph 89 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

### SEVENTH CAUSE OF ACTION

90. In answer to Paragraph 90 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 89, inclusive, of the Complaint.

91. In answer to Paragraph 91 of the Complaint, Defendants lack information or belief sufficient to admit or deny the allegations contained in the first sentence, and on that basis deny them. Defendants assert that the remainder of Paragraph 91 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

92. In answer to Paragraph 92 of the Complaint, Defendants assert that Paragraph 92 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

93. In answer to Paragraph 93 of the Complaint, Defendants assert that Paragraph 93 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

94. In answer to Paragraph 94 of the Complaint, Defendants assert that Paragraph 94 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

### EIGHTH CAUSE OF ACTION

95. In answer to Paragraph 95 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 94, inclusive, of the Complaint.

96. In answer to Paragraph 96 of the Complaint, Defendants assert that Paragraph 96 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

97. In answer to Paragraph 97 of the Complaint, Defendants assert that Paragraph 97 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

98. In answer to Paragraph 98 of the Complaint, Defendants assert that Paragraph 98 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

99. In answer to Paragraph 99 of the Complaint, Defendants assert that Paragraph 99 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

## NINTH CAUSE OF ACTION

100. In answer to Paragraph 100 of the Complaint, Defendants incorporate herein by this reference and reassert every admission, denial and objection they have stated in answering Paragraphs 1 through 99, inclusive, of the Complaint.

101. In answer to Paragraph 101 of the Complaint, Defendants assert that Paragraph 101 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

102. In answer to Paragraph 102 of the Complaint, Defendants assert that Paragraph 102 consists solely of argument and legal conclusions, not allegation, but to the extent that any allegation can be discerned therein, Defendants deny each and every such allegation.

## AFFIRMATIVE DEFENSES

Defendants further allege that the following defenses bar the complaint and each cause of action therein.

## FIRST AFFIRMATIVE DEFENSE

Each and every cause of action fails to state a cause of action on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Each and every cause of action is barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Each and every cause of action is barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Each and every cause of action is barred because the alleged trade secrets and/or confidential business information, if any, have already been disclosed to others by plaintiff, are generally known to the public and in the industry, are readily ascertainable by proper means, and/or do not constitute trade secrets or confidential information.

**FIFTH AFFIRMATIVE DEFENSE**

The information that plaintiff alleges to be a trade secret is not a trade secret as defined by section 3426.1(d) of the California Civil Code, as plaintiff failed to protect the secrecy of the alleged trade secret.

**SIXTH AFFIRMATIVE DEFENSE**

Any information alleged to have been used by Defendants was known to them from their own prior knowledge and/or from public sources of information.

**SEVENTH AFFIRMATIVE DEFENSE**

Each and every cause of action is barred because Defendants were acting within and protected by the privilege of free and fair competition.

**EIGHTH AFFIRMATIVE DEFENSE**

Each and every cause of action is barred under the doctrine of waiver because plaintiff engaged in conduct sufficient to constitute waiver of any claims or causes of action alleged.

**NINTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe that plaintiff could have mitigated the alleged damages and failed to effectively mitigate its damages. For this reason, plaintiff is barred in whole or in part from recovering damages from Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Each and every cause of action is barred by the doctrine of laches.

///

**PRAYER FOR RELIEF**

Wherefore, Defendants pray for judgment as follows:

1. That judgment be entered in their favor;

2. That plaintiff be denied all monetary and other damages;

3. That plaintiff be denied any injunctive relief;

4. That the Complaint be dismissed with prejudice;

5. That Defendants be awarded costs of their suit;

6. That Defendants be awarded their reasonable attorneys' fees pursuant to section 3426.4 of the California Civil Code and any other statutory or contractual grounds; and

7. For such other and further relief as the Court deems proper.

Dated: October 29, 2007

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER
STEPHEN LAU

By: /s/ Kenneth C. Mennemeier
Kenneth C. Mennemeier, Attorneys for Defendants Samuel Slayden, Denise Gilseth, Cathy McJilton, and Kelly Stromgren

1  Case Name: *A.G. Edwards & Sons, Inc. v. Slayden, et al.*
   Case No.: U.S. District Court, Northern District of California, Case No. 07-CV-05154 WHA
2

3                           **PROOF OF SERVICE**

4       I declare as follows:

5       I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento,
6  California 95814. On October 29, 2007, I served the within documents:

7           **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR
                              INJUNCTIVE RELIEF**
8

9       ☒   by placing the document(s) listed above in a sealed envelope with postage
            thereon fully prepared, in the United States mail at Sacramento, California
10          addressed as set forth below.

11

12  **ANTHONY PADUANO
    PADUANO & WEINTRAUB LLP
13  1251 AVENUE OF THE AMERICAS
    NINTH FLOOR
14  NEW YORK, NEW YORK 10020
    FACSIMILE: 212.785.9099**
15

16

17      I am readily familiar with the firm's practice of collection and processing
correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal
18  Service on that same day with postage thereon fully prepared in the ordinary course of business.

19      ☒   I declare that I am employed in the office of a member of the bar of this
20          Court at whose direction this service was made.

21      Executed on October 29, 2007, at Sacramento, California.

22
                                            /s/ Angela Knight
23                                          Angela Knight

24

25

26

27

28