MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
STEPHEN LAU (SBN 221051)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: (916) 553-4000
Facsimile: (916) 553-4011

Attorneys for Defendants
Samuel Slayden, Denise Gilseth,
Cathy McJilton, and Kelly Stromgren

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G. EDWARDS & SONS, INC., | CASE NO: 07-CV-05154 WHA |
| Plaintiff, | **DEFENDANTS' MOTION TO MODIFY TEMPORARY RESTRAINING ORDER** |
| v. | Date: November 9, 2007 |
| SAMUEL SLAYDEN, DENISE GILSETH, CATHY MCJILTON, and KELLY STROMGREN, | Time: tba |
| | Courtroom 9 |
| Defendants. | Complaint Filed: October 9, 2007 |
| | TRO Issued: October 10, 2007 |

TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to FRCP 65(b) and Local Rule 7-10, Defendants will and do hereby move for an order to modify the temporary restraining order issued on October 10, 2007, such that defendants Samuel Slayden, Denise Gilseth, Cathy McJilton, and Kelly Stromgren would be permitted to contact the clients whom they previously served at A.G. Edwards. That motion will be heard on November 9, 2007, or as soon as it can be heard by the Court, in Courtroom 9 of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102.

This application is based on the following facts and circumstances. On October 9, 2007, Edwards filed a complaint against Defendants, along with an application for a temporary restraining order ("TRO"). On October 10, based on a limited factual record, this Court issued a

TRO. That TRO, among other things, prohibits Defendants from soliciting clients they serviced when they were employed at Edwards. The Court issued that TRO in apparent reliance on four representations that Plaintiff made in its papers and during oral argument. Each of those representations has been proven to be false or is now moot. In particular, Plaintiff represented that:

- Within fifteen days of October 10, arbitrators of the Financial Industry Regulatory Authority ("FINRA") would hold an evidentiary hearing and determine, on an expedited basis, whether to issue a permanent injunction;

- Defendants had solicited clients to transfer their accounts to Stifel *before* they resigned from Edwards;

- Defendants had contractual obligations that prohibit them from soliciting clients whose accounts they serviced at Edwards; and

- Defendants took from Edwards and used information and materials that are confidential, proprietary, or subject to trade secret protection.

In the past three weeks, each of those representations has either been proven false or rendered moot. Foremost, it is now clear that Defendants will not obtain a decision from FINRA arbitrators any earlier than November 16, 2007. Although an arbitration hearing was held on October 22 and 23, those two days were consumed by Plaintiff's stalling tactics. After two full days of hearing, Plaintiff had completed the examination of only one of the four Defendants, while Defendants have had no opportunity to present their own case-in-chief. Due to the unavailability of the arbitrators for the next two weeks, the hearing will not resume until November 15, 2007.

It has also become clear that Plaintiff misled this Court on October 10 when it claimed to have evidence that Defendants solicited clients to go to Stifel before they resigned from Edwards. There is no such evidence. In fact, Defendants did not solicit clients to move their accounts from Edwards to Stifel until *after* they joined Stifel. Plaintiff further misled the Court on October 10 when it argued that its proposed TRO would somehow serve to hold Defendants to their contracts. What Plaintiff did not explain is that three of the four Defendants

– i.e., the three brokers – signed an employment agreement that *does not contain a non-solicitation clause.*

Finally, to the extent that the Court issued the TRO based on its concern about the client documents that were taken by Defendants, those concerns are now moot. In the past three weeks, Defendants have surrendered to Plaintiff nearly all of the information and documents that they retained when they left Edwards, with the result that they no longer have access to any of the documents that they had in their possession when they left Edwards.

For these reasons, and others to follow, Defendants respectfully request that the Court address these issues promptly and modify the TRO in a single respect -- by vacating the portion of the TRO that prohibits Defendants Slayden, Gilseth, and Stromgren from contacting clients whom they served while employed by A.G. Edwards.

Defendants base this motion on FRCP 65(b), Local Rule 7-10, this Motion to Modify TRO, the accompanying Memorandum of Points and Authorities, and the accompanying declarations of Samuel Slayden, Denise Gilseth, Cathy McJilton, Kelly Stromgren, and Kenneth C. Mennemeier.

Dated: November 7, 2007

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER
STEPHEN LAU

By: _____
Kenneth C. Mennemeier, Attorneys for Defendants
Samuel Slayden, Denise Gilseth, Cathy McJilton, and Kelly Stromgren

445.03.PLE.Modify.TRO.application.wpd    3
DEFENDANTS' MOTION TO MODIFY TEMPORARY RESTRAINING ORDER

Case Name:  *A.G. Edwards & Sons, Inc. v. Slayden, et al.*
Case No.:   U.S. District Court, Northern District of California, Case No. 07-CV-05154 WHA

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On November 7, 2007, I served the within documents:

**DEFENDANTS' MOTION TO MODIFY TEMPORARY RESTRAINING ORDER**

☒  by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

**ANTHONY PADUANO**
**PADUANO & WEINTRAUB LLP**
**1251 AVENUE OF THE AMERICAS**
**NINTH FLOOR**
**NEW YORK, NEW YORK 10020**
**FACSIMILE: 212.785.9099**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

☒  I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on November 7, 2007, at Sacramento, California.

*Angela Knight*
Angela Knight