MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
STEPHEN LAU (SBN 221051)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: (916) 553-4000
Facsimile: (916) 553-4011
E-mail: kcm@mgslaw.com

Attorneys for Defendants
Samuel Slayden, Denise Gilseth,
Cathy McJilton, and Kelly Stromgren

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G. EDWARDS & SONS, INC., | CASE NO: 07-CV-05154 WHA |
| Plaintiff, | **DECLARATION OF CATHY MCJILTON IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY TEMPORARY RESTRAINING ORDER** |
| v. | |
| SAMUEL SLAYDEN, DENISE GILSETH, CATHY MCJILTON, and KELLY STROMGREN, | Date: November 9, 2007<br>Time: tba<br>Courtroom: 9 |
| Defendants. | Complaint Filed: October 9, 2007<br>TRO Issued: October 10, 2007 |

445.03.PLE.Modify.TRO.Decl.McJilton.wpd                     1

DECLARATION OF CATHY MCJILTON IN SUPPORT OF MOTION TO MODIFY TRO

## DECLARATION OF CATHY MCJILTON

I, Cathy McJilton, declare as follows:

1. I presently work as a Registered Client Service Associate for Stifel, Nicolas & Company, a securities broker-dealer firm. Before joining Stifel, I worked for A.G. Edwards as a Senior Registered Financial Associate in the Santa Rosa office. In that capacity, I did not have an independent book of clients. I had been at A.G. Edwards since 1988.

2. On May 31, 2007, Wachovia Securities announced that it would acquire A.G. Edwards. My understanding is that, after that merger, A.G. Edwards would no longer exist. After that announcement, Wachovia and A.G. Edwards senior management told us that Wachovia intended to offer me and other administrative employees a retention package if we stayed on with Wachovia.

3. From the outset, I knew that I did not want to stay on at Wachovia. One of the things I liked about working at A.G. Edwards was that it was a stand-alone broker-dealer, not a large banking institution with its own proprietary products and services to sell to clients. If I were to stay at Wachovia, I would be working for just such a large banking institution. Also, I understood that Wachovia was likely to make changes to the fee structure that would result in more charges for the clients that I was servicing. I did not think that the clients I was servicing would appreciate such new charges. Moreover, I knew it was likely that the local Edwards office would be consolidated with the local Wachovia office. I did not wish to work with some of the personalities at that Wachovia office. Finally, I found the retention package that I was offered to be unsatisfactory.

4. I have been working with Sam Slayden, formerly the branch manager of the Edwards Santa Rosa office, for approximately nineteen years – ten of those years as his assistant. Through that time, he and I developed a strong professional relationship and personal friendship. In the days following announcement of the merger, I told Sam emphatically that I will not stay at Wachovia. In the subsequent weeks, I told Sam something to the effect of "if you move to another firm, I want to go with you." When, months later, Sam informed me that he was moving to Stifel, I again told him that I wanted to move with him and asked whether there would

be a position for me with his new firm. At no time did Sam solicit, recruit, or induce me to leave Edwards/Wachovia or to join Stifel.

5. I resigned from A.G. Edwards on September 20, 2007 and joined Stifel the same day. When I departed from A.G. Edwards, I took no customer files or documents with me, in either hard form or electronic form.

6. Before resigning from A.G. Edwards, I did not tell any clients with whom I was in contact that I would be joining Stifel. Before resigning from A.G. Edwards, I made no attempt to recruit or solicit other A.G. Edwards employees to join Stifel. Nor did I attempt to do so after joining Stifel. Nor do I intend to do so in the future.

7. In my current capacity as a Registered Client Service Associate, my responsibilities include assisting brokers in servicing their clients. I do not maintain my own set of clients. Because of that, my job responsibilities do not include soliciting clients. And, for that reason, since I joined Stifel on September 20, 2007, I have not solicited any clients. That is, I have not initiated contact with any client for the purpose of asking the client to transfer his or her accounts to Stifel. Rather, since joining Stifel, my client contact has been limited to receiving calls from clients, returning phone calls and other client inquiries, or following up on conversations that others in the office have had with their clients.

I declare under the penalty of perjury under the laws of the United States and under the laws of the State of California that the foregoing is true and correct. Executed in Santa Rosa, California, on November 7, 2007.

*Cathy McJilton*
Cathy McJilton

445.03.Pl.B.Modify.TRO.Decl.McJilton.wpd                3
DECLARATION OF CATHY MCJILTON IN SUPPORT OF MOTION TO MODIFY TRO

Case Name: *A.G. Edwards & Sons, Inc. v. Slayden, et al.*
Case No.: U.S. District Court, Northern District of California, Case No. 07-CV-05154 WHA

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On November 7, 2007, I served the within documents:

**DECLARATION OF CATHY MCJILTON IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY TEMPORARY RESTRAINING ORDER**

☒   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

**ANTHONY PADUANO
PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020
FACSIMILE: 212.785.9099**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

☒   I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on November 7, 2007, at Sacramento, California.

*Angela Knight*
Angela Knight