MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
STEPHEN LAU (SBN 221051)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: (916) 553-4000
Facsimile: (916) 553-4011

Attorneys for Defendants
Samuel Slayden, Denise Gilseth,
Cathy McJilton, and Kelly Stromgren

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G. EDWARDS & SONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL SLAYDEN, DENISE GILSETH, CATHY MCJILTON, and KELLY STROMGREN, <br><br> Defendants. | CASE NO: C 07-05154 WHA <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY TEMPORARY RESTRAINING ORDER** <br><br> Date: November 9, 2007 <br> Time: tba <br> Courtroom: 9 <br><br> Complaint Filed: October 9, 2007 <br> TRO Issued: October 10, 2007 |

## I.

## INTRODUCTION

Defendants Samuel Slayden, Denise Gilseth, Cathy McJilton, and Kelly Stromgren ("Defendants") respectfully submit this request for judicial notice in connection with Defendants' motion to modify temporary restraining order. Specifically, Defendants request that the Court take judicial notice of the governing rule for FINRA awards, NASD Code of Arbitration Procedure for Industry Disputes, Rule 13904, a true and correct copy of which is attached as Exhibit A.

/ / /

/ / /

/ / /

## II.

## ARGUMENT

Under Federal Rule of Evidence 201(b), a judicially noticeable fact is one that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Under Rule 201(d), the Court must take judicial notice of such a fact when "requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

The Administration requests that the Court take judicial notice of NASD Rule 13904. The NASD Rules are a matter of public record, and its contents are subject to "accurate and ready" verification. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'"). Specifically, the official NASD Manual is available for download and review on the FINRA website at http://www.finra.org/RulesRegulation/FINRARules/index.htm (as of November 7, 2007).

## III.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the attached exhibit.

Dated: November 7, 2007

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER
STEPHEN LAU

By: _____ for
Kenneth C. Mennemeier, Attorneys for Defendants
Samuel Slayden, Denise Gilseth, Cathy McJilton,
and Kelly Stromgren

**EXHIBIT A**

# NASD Manual

**13904. Awards**

The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.

   (a) All awards shall be in writing and signed by a majority of the arbitrators or as required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.

   (b) Unless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal.

   (c) The Director will serve a copy of the award on each party or the representative of the party. The Director will serve the award by using any method available and convenient to the parties and the Director, and that is reasonably expected to cause the award to be delivered to all parties, or their representative, on the same day. Methods the Director may use include, but are not limited to, first class, registered or certified mail, hand delivery, and facsimile or other electronic transmission.

   (d) The panel shall endeavor to render an award within 30 business days from the date the record is closed.

   (e) The award shall contain the following:

   The names of the parties;

   The name of the parties' representatives, if any;

   An acknowledgement by the arbitrators that they have each read the pleadings and other materials filed by the parties;

   A summary of the issues, including the type(s) of any security or product, in controversy;

   The damages and other relief requested;

   The damages and other relief awarded;

   A statement of any other issues resolved;

   The allocation of forum fees and any other fees allocable by the panel;

   The names of the arbitrators;

   The dates the claim was filed and the award rendered;

   The number and dates of hearing sessions;

   The location of the hearings; and

   The signatures of the arbitrators.

(f) The award may contain a rationale underlying the award.

(g) All awards shall be made publicly available.

(h) Fees and assessments imposed by the arbitrators under the Code shall be paid immediately upon the receipt of the award by the parties. Payment of such fees shall not be deemed ratification of the award by the parties.

(i) All monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

If not paid within 30 days of receipt;

If the award is the subject of a motion to vacate which is denied; or

As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

Adopted by SR-NASD-2004-011 eff. April 16, 2007.

Selected Notice: 07-07

©2007 FINRA. All rights reserved.

Case Name: *A.G. Edwards & Sons, Inc. v. Slayden, et al.*
Case No.: U.S. District Court, Northern District of California, Case No. 07-CV-05154 WHA

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On November 7, 2007, I served the within documents:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY TEMPORARY RESTRAINING ORDER**

☒ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

**ANTHONY PADUANO**
**PADUANO & WEINTRAUB LLP**
**1251 AVENUE OF THE AMERICAS**
**NINTH FLOOR**
**NEW YORK, NEW YORK 10020**
**FACSIMILE: 212.785.9099**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on November 7, 2007, at Sacramento, California.

*/s/ Angela Knight*
Angela Knight