MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
STEPHEN LAU (SBN 221051)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: (916) 553-4000
Facsimile:  (916) 553-4011

Attorneys for Defendants
Samuel Slayden, Denise Gilseth,
Cathy McJilton, and Kelly Stromgren

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G. EDWARDS & SONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL SLAYDEN, DENISE GILSETH, CATHY MCJILTON, and KELLY STROMGREN,<br><br>Defendants. | CASE NO: C 07-05154 WHA<br><br>**NOTICE OF RULING BY FINRA ARBITRATORS** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that the attached "Order on Request for Permanent Injunction" was issued by an Arbitration Panel of the Financial Industry Regulatory Authority ("FINRA") on November 20-21, 2007.

This Court previously ordered that "Defendants are barred from soliciting or otherwise initiating any contact with any A.G. Edwards clients beginning at 2:00 p.m. on October 10, 2007 until this Court or FINRA modifies this TRO." Order on Plaintiff A.G. Edwards' Motion for Temporary Restraining Order and for Preliminary Injunction and an Order Permitting Expedited Discovery, dated October 10, 2007, at ¶ 1(c)(i) (page 2, lines 18-20). The Court's Order also provided: "[T]his Temporary Restraining Order shall remain in effect until modified by this Court or FINRA." Order, ¶ 5 (page 4, lines 8-9).

Defendants understand that the FINRA arbitrators' Order on Request for Permanent Injunction (attached hereto) supercedes the Court's TRO such that the Court's TRO is no longer in effect.

Dated: November 27, 2007

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER
STEPHEN LAU

By: *Kenneth C. Mennemeier*

Kenneth C. Mennemeier, Attorneys for Defendants Samuel Slayden, Denise Gilseth, Cathy McJilton, and Kelly Stromgren



Financial Industry Regulatory Authority

## Order on Request for Permanent Injunction

**An in-person or telephonic hearing on a request for Permanent Injunction under FINRA rules was held in the matter of:**

CLAIMANT: A.G. Edwards & Sons, Inc

RESPONDENTS: Stifel, Nicolaus & Co., Inc., Kelly A. Stomgren, Cathy Elaine McJilton, Denise S. Gilseth, Samuel D. Slayden

CASE #: 07-02897

The hearing was held on October 29-30, 2007 and on November 15-16, 2007. The follow individuals participated in the hearing: [list the attending individuals]

Chairperson: Harry B. Endsley

Panelist: Ralph A. Cotton, CPA

Panelist: E. Duane Stephens

Claimant's Representative: Anthony Paduano, Esq.

#1 Respondent's Representative: Joseph Dougherty, Esq.

#2 Respondent's Representative: Kenneth C. Mennemeier, Esq.

At the hearing for permanent injunction, the following occurred:

1. Respondent Stifel, Nicolaus & Co., Inc. did not file its answer to the statement of claim.

2. Respondents Kelly A. Stomgren, Cathy Elaine McJilton, Denise S. Gilseth, and Samuel D. Slayden did not file their answer to the statement of claim.

3.  The parties accepted the Panel's composition.

4.  In determining the request for permanent injunction, the Panel used the following legal standard:

    The law of state where the events occurred.

5.  On Claimant A.G. Edwards & Sons, Inc.'s request for permanent injunction, the Panel rules as follows:

    The Panel DENIES the request.

    Further the Panel rules as follows:

    I. Customer rights are of primary importance and the Panel is concerned that customers are, or may be, subject to harm due to this dispute.

    II. The fiduciary duties owed by the parties to the customers are superior to any duties owed by employees to their former employer.

    III. Customers have a paramount right to be advised of a move by their broker from one firm to another and this right includes receiving personal contact from their broker.

    IV. With one exception, all individual respondents are subject to no contractual restriction against solicitation. As to the exception, the issue is factually irrelevant

    V. Basic information such as customer names, addresses and telephone numbers are neither confidential nor trade secret information.

    The Panel therefore Orders that the Temporary Restraining Order and Preliminary Injunction issued by Judge William Alsup, United States District Court for the Northern District of California, on October 15, 2007, and amended on or about November 15, 2007, be DISSOLVED and DENIES the Claimant's request for a permanent injunction, subject to the following additional orders:

    A. All individual respondents may retain and utilize the "redacted browse lists," as referenced in the hearings, presently in their possession.

    B. Respondent Denise Gilseth may retain and utilize her Microsoft Outlook Contacts file.

    C. Respondent Kelly Stromgren is instructed to delete the Microsoft Excel spreadsheet files from her computer(s), as referenced in the hearings.

    D. The Panel has decided to bifurcate the final hearing to be held in this matter. The first hearing will be on the issue of liability only and, if liability is then found, the dates for the hearing on damages will be set at that time by the Panel. The Panel intends for the initial hearing on liability to be held within the month of January.

    E. Counsel for the parties shall participate in a conference call with the Panel to be organized by FINRA within the next fourteen (14) days in order to resolve any pending discovery issues and to set the specific date(s) for the initial hearing on liability.

6. If the parties settle this matter with no further hearings:

    a. The cost of this permanent injunction hearing and any other hearing, including initial Pre-hearing conference or Pre-hearing conference, will be borne as follows:

    Claimant is assessed 100%

---

NOTE: FINRA rules[2] provide that chairperson shall receive $375.00 for a single session and $700 for each double session on the permanent injunction, while panelists shall receive $300 for each single session and $600 for each double session. The Rule provides that the parties shall equally pay the difference between regular and the injunctive relief honorarium[3] and that the arbitrators may reallocate this additional amount among the parties in the award. ***This increased honorarium applies only to hearings for permanent injunction and does not apply to Pre-hearing conferences or additional hearings on damages or other issues.***

FINRA rules[4] provides that the parties shall jointly bear an arbitrator's reasonable travel-related costs and expenses for required travel to a hearing location other than the arbitrator's primary hearing location(s). The arbitrator may reallocate such costs and expenses among the parties in the award.

If a member firm fails to satisfy an invoice, FINRA Dispute Resolution will debit the member firm's CRD account.

---

[2] Industry Code: Rule 13804(b)(6)(c); Old Code: Rule 10335(b)(6)(c)
[3] Industry Code: Rules 13214 and 13804(b)(6)(c)
[4] Industry Code: Rule 13804(b)(6)(A); Old Code: Rule 10335(b)(6)(A)

This Order will remain in effect unless amended by the Panel.

Dated: November 20, 2007

_____
Harry B. Endsley, Chair

_____
Ralph A. Cotton, Panelist

_____
E. Duane Stephens, Panelist

This order will remain in effect unless amended by the arbitration panel.

Dated:

_____
Harry B. Endsley, Chair

_____
Ralph A. Cotton, Panelist

_____
E. Duane Stephens, Panelist

Nov 21, 2007

Case Name: *A.G. Edwards & Sons, Inc. v. Slayden, et al.*
Case No.: U.S. District Court, Northern District of California, Case No. 07-CV-05154 WHA

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On November 27, 2007, I served the within documents:

**NOTICE OF RULING BY FINRA ARBITRATORS**

☒ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

**LEONARD WEINTRAUB
PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared in the ordinary course of business.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on November 27, 2007, at Sacramento, California.

_____
Angela Knight